ACCEPTED
01-13-00635-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/14/2015 12:46:23 PM
CHRISTOPHER PRINI
CLERK

IN THE COURT OF APPEALS

FOR THE FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/14/2015 12:46:23 PM

CHRISTOPHER A. PRINE
Clerk

No. 01-13-00635-CV

D. PATRICK SMITHERMAN,

*Appellant,*

V.

COMMISSION FOR LAWYER DISCIPLINE,

*Appellee*

On appeal from the 129th Judicial District Court
Of Harris County, Texas
Trial Court Cause No. 2010-10256
Specially Appointed Judge Richard A. Beacom Presiding

## APPELLANT'S MOTION FOR *EN BANC* RECONSIDERATION

D. PATRICK SMITHERMAN
State Bar No. 24027992
1044 W. 25th Street #E
Houston, Texas 77008
Telephone: (832) 712-1842

*Pro Se*

1

# TABLE OF CONTENTS

PAGE

PROCEDURAL HISTORY……………………………………………….3

BASES FOR *EN BANC* RECONSIDERATION…………………………….3

ISSUES FOR RECONSIDERATION……………………………………...8

CONCLUSION…………………………………………………...10

PRAYER……………………………………………………….11

CERTIFICATE OF SERVICE …………………………………………...11

CERTIFICATION…………………………………………………...11

## PROCEDRUAL HISTORY

The Panel's Opinion was issued on February 26, 2015. Appellant timely filed a Motion for Rehearing before the Panel on March 4, 2015. The Appellee did not file a response to same. The Motion for Rehearing was overruled on March 31, 2015. This Motion for *En Banc* Reconsideration is timely filed subsequent to the decision by the Panel to deny the Motion for Rehearing, and according to the Texas Rules of Appellate Procedure. Appellant requests a ruling on this Motion for *En Banc* Reconsideration within the Court's plenary jurisdiction.

## BASES FOR *EN BANC* RECONSIDERATION

Extraordinary circumstances require *en banc* consideration of this case. Appellant will not re-brief herein the argument Appellant has already made in his Brief, Reply Brief, and Motion for Rehearing – such argument has already been made. Rather, Appellant cites those same pleadings and incorporates them herein in their entirety. Appellant requests reconsideration *en banc* of every single Issue that he has argued in this appellate proceeding.

Why do extraordinary circumstances exist such that this case should be reviewed before the entire Court? There are several reasons, any of one of which the Appellant respectfully submits should result in the Court granting the *en banc* consideration requested herein by Appellant:

3

1)  Appellant won a jury Verdict, which the Opinion does not seem to address. In fact, the rather one-sided Opinion reveals that the Panel did not seek to find *any* evidence in support of the Verdict, but rather sought only to support the Final Judgment. As the Final Judgment was based upon a claim and argument that was never made at trial (in fact, the CFLD argued the direct opposite argument to the jury), this sets a rather troubling precedent not just in disciplinary cases but in all civil cases. Appellant submits this justifies *en banc* reconsideration.

2)  The Panel inexplicably refused to address several Issues presented by Appellant it was required to rule upon under the Texas Rules of Appellate Procedure. Appellant used these omissions as bases for his request rehearing, but ultimately to no avail. One of the Issues not addressed in the Opinion – that the Final Judgment was not supported by the pleadings – was the very first Issue briefed by Appellant and one of the Appellant's strongest arguments in favor of reversal. Appellant is at a loss for why the Panel would not address one of his strongest arguments for why the Final Judgment was obviously improper. To not rule upon this Issue as well as the other Issues the Panel did not address suggests the Panel punted in this regard. This has necessitated *en banc* reconsideration.

3)  The Panel used the incorrect standard for reviewing the granting of a JNOV, which was involved in this case (the trial court granted the CFLD's request for a JNOV). Instead, the Panel used the standard for reviewing the *denial* of a JNOV. As the Opinion shows, the Panel consistently addressed what the evidence purported to "conclusively show" in support of the Final Judgment rather than whether there was any evidence in support of the Verdict. Appellant used this as a basis for rehearing, but to no avail. Appellant believes this be somewhat obvious error, and so respectfully requests *en banc* reconsideration to address this error.

4)  As alluded to above, the Panel refused to address the evidence in support of the Verdict, including the testimony of Mr. Perry and Appellant. The Panel focused exclusively on what evidence it considered to be in support of the Final Judgment. Appellant used this as a basis for rehearing, but ultimately to no avail. This justifies *en banc* reconsideration.

4

5) The Panel avoided review of the sanction on the grounds that Appellant waived his argument, when clearly Appellant did not. This justifies *en banc* reconsideration.

6) The Panel's Opinion regarding the judicial admissions made by the CFLD should be reversed. Respectfully, the Panel seemed to make findings on these obvious admissions that were in complete opposite to the law. This justifies *en banc* reconsideration.

7) Quite notably, the trial court acknowledged during the sanctions hearing that the remaining $276,000 in funds (all of the funds remaining from the Petrosearch settlement that were at issue during the disciplinary hearing) were clearly disputed, which begs the question then as to why the trial court granted the JNOV. Given that the trial court admitted during the sanctions hearing that the entire basis upon which it granted the JNOV during the evidentiary phase meant the trial court should have *denied* the JNOV justifies *en banc* reconsideration.

In addition to not addressing – at all – Appellant's Issue that the Final Judgment did not conform to the pleadings (Point 2, above), the Opinion completely ignored Appellant's argument that the State Bar's own guidelines on disputed funds state that Appellant's actions were completely ethical and in accordance with the Rules. Appellant is left to wonder why the Panel sought to avoid these Issues, especially given a fair treatment of these Issues would lead to reversal of the Final Judgment.

Moreover, the fact that the trial court *acknowledged* during the sanctions hearing that all of the relevant funds were in dispute is particularly deserving of reconsideration considering that the claim that these funds were *not* in dispute (less the $50,000) was *the entire foundation* of the Rule 1.14(c) violation as alleged by

5

the CFLD, and as such the entire foundation for the granting of the JNOV by the trial court. Admittedly, the Appellant chose to focus on this admission by the trial court during the sanctions hearing by way of his Motion for Rehearing in manner in which he had not during his Brief. But the fact remains, the trial court made a finding on the record that completely undermines the granting of the JNOV and indeed the entire basis of the Final Judgment. The trial court found the funds were *all disputed*. This alone justifies reversal. Because the trial court would not address this argument by way of rehearing, Appellant seeks *en banc* reconsideration.

The jury in this case vindicated Appellant, and Appellant intends to honor that and to reclaim the Verdict that was rightfully awarded to him. With all due respect to the Panel, it seems as though the Panel did not attempt at all to look for evidence in support of the Verdict, and unfortunately – perhaps unfairly – discounted all such evidence in favor of Appellant. The Panel's Opinion makes it seem as though no Verdict was actually ever awarded to the Appellant, when clearly one was. Given the seriousness involved in disturbing a jury verdict, and given the onerous standards that must be met for doing so, Appellant seeks *en banc* reconsideration.

Appellant requests that entire Court review this matter under the proper standard and conduct a fair analysis of the evidence in support of the Verdict as

well as the judicial admissions that were clearly made by the CFLD. Should this occur, the Appellant is confident that the Court will reach the proper result, which is reversal of the Final Judgment.

Appellant realizes that as a *pro se* attorney in the disciplinary process, he was not expected to prevail at a disciplinary trial. However, Appellant did prevail. The jury evaluated the sole piece of evidence presented by the CFLD – the testimony of Brad Perry, and found it lacking because, *inter alia*, Appellant proved Mr. Perry was not telling the truth on many material issues at trial. Once the jury decided Mr. Perry was not a credible witness, the case was effectively over. The record proved this. The legal gymnastics engaged in by the CFLD since that adverse jury verdict are just so much attempted deflection from this very salient and incontrovertible fact: Mr. Perry tried to be untruthful on the stand, and Appellant impeached him for it. That cannot be glossed over.

Appellant, with the utmost respect, requests this Court to give him his verdict back. Appellant was rightfully awarded it at trial, and has proved during the appellate process why it was rightfully awarded to him. Reversing the Final Judgment will go a long way towards re-instilling respect among the Bar in our disciplinary system.

## ISSUES FOR RECONSIDERATION

Appellant incorporates each and every Issue and argument briefed by him in the Appellant's Brief, Reply Brief, and Motion for Rehearing, and requests reconsideration of same. Should the Court not be inclined to review all the Issues, the Appellant would ask to the Court pay particular attention to the following issues, any one of which should result in *en banc* reconsideration of the Court's Opinion:

Issue 1:    The Court's Opinion did not address Appellant's argument that the Final Judgment did not conform to the pleadings, even after this was pointed out in the Appellant's Motion for Rehearing [*see* Issue 1, pg. 21 of Brief; Issue 1, Motion for Rehearing].

Issue 2:    The Court's Opinion did not address Appellant's argument that the State Bar Guidelines on disputed funds support the actions that Appellant took [*see* Issue 7, pgs. 35-6 of Brief; Issue 7, Motion for Rehearing].

Issue 3:    The Court's Opinion applies the incorrect standard for purposes of reviewing the granting of a JNOV [*see* Issue 6, Motion for Rehearing].

Issue 4:    The Court's Opinion did not address Appellant's argument that the alleged rule violation date of October 16, 2008 was a controlling fact that should have been submitted to the jury [*see* pgs. 6-9, Reply Brief; Issue 4, Motion for Rehearing].

Issue 5:    The Court's Opinion did not address Appellant's argument that the CFLD never alleged prior to the JNOV nor offered any evidence at trial that only $50,000 of the funds were in dispute on October 16, 2008, which goes to fair notice [*see* Issue 2, pgs. 23-26, Brief; Issue 2, Motion for Rehearing].

Issue 6:     That the Court's Opinion holds that up to 40% of Mr. Perry's recovery was subject to dispute – an argument never advanced by the CFLD – proves Appellant's point that it was unclear how much money was in dispute [*see* Issue 3, Motion for Rehearing].

Issue 7:     The Court's Opinion did not address Appellant's argument that John Ogren did not receive his settlement funds on October 16, 2008. In fact, the Court's Opinion was based in part on its mistaken belief that Mr. Ogren did receive settlement funds on October 16, 2008 [*see* pgs. 36-7 of Brief; Issue 5, Motion for Rehearing].

Issue 8:     The Court erred in affirming the sanction on the grounds that "Smitherman violated Rule 1.14(c) continuously and deliberately for approximately one year" given that no evidence was adduced at trial beyond what occurred in the Fall of 2008 [*see* Issue 8, Motion for Rehearing].

Issue 9:     The CFLD made a judicial admission in its request for a JNOV – relative to the issue of the sanction – that nothing that occurred after October 16, 2008 bore any relevance to the determination of the sanction.

Issue 10:     The CFLD did not allege "alternate legal theories" in the Third Amended Disciplinary Petition relative to the alleged violation date of Rule 1.14(c), rather, it made a judicial admission that Appellant's obligation to release funds to Perry arose after Appellant's receipt of the October 22, 2008 letter from Bergner [*see* Issue 10, Motion for Rehearing].

Issue 11:     The trial court acknowledged during the sanction hearing that the funds at issue – including the $276,000 that at first went undistributed – were all disputed [*see* pg. 41, Motion for Rehearing]. This begs the question then as to how the trial court could have granted the JNOV.

Issue 12:     The statement in the Third Amended Disciplinary Petition that "Since approximately $271,000 was not distributed to Respondent, Bergner's offer to put $50,000 into escrow meant that Respondent should have given approximately $221,000.00

9

to Perry in late October or early November of 2008" was not a legal conclusion [*see* Issue 11, Motion for Rehearing].

Issue 13: The CFLD's remarks during closing regarding how the Rule violation occurred did not merely state the minimum level of disbursement that might have been acceptable, but rather were quite clearly judicial admissions that could not be denied later in connection with the JNOV [*see* Issue 12, Motion for Rehearing].

Issue 14: The Court's Opinion did not address Appellant's argument that the CFLD took inconsistent and contradictory positions as to how the Appellant allegedly violated Rule 1.14(c) [*see* Issue 13, Motion for Rehearing].

## CONCLUSION

The Appellant requests *en banc* reconsideration because he believes fairness, justice, and indeed the Texas Rules of Civil Procedure require that the Court consider all the evidence and argument Appellant presented at trial and presented to the Panel. Appellant believes *en banc* review is required because of the *extraordinary* circumstances presented by the Panel's Opinion, including the Panel's refusal to consider that the trial court *acknowledged* during the sanctions hearing that all the funds between Perry and Appellant were in fact disputed. This was clearly not a mistake on the trial court's part. The trial court reiterated this finding at the sanctions hearing. Given this acknowledgment and admission, the JNOV should never have been granted. Indeed this disciplinary case never should have been brought.

## PRAYER

For the foregoing reasons, Appellant respectfully asks the Court to *grant en banc* reconsideration, and ultimately enter an order reversing the Final Judgment, and for all and further relief to which Appellant may be justly entitled.

D. PATRICK SMITHERMAN
1044 W. 25th STREET
HOUSTON, TEXAS 77008
STATE BAR NO. 24027992

/s/ D. Patrick Smitherman

APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing response has been served on the CFLD on April 14, 2015.

/s/ D. Patrick Smitherman

## CERTIFICATION

Pursuant to the Texas Rules of Appellate Procedure, the enclosed contains approximately 2,402 words, which is less than the total words permitted by the TRAP. Appellant relies on the word count of the computer program used to prepare this Motion for *En Banc* Reconsideration.